GARY M. MCLAUGHLIN (SBN 217832)
TIMOTHY B. DEL CASTILLO (SBN 277296)
gmclaughlin@akingump.com
tdelcastillo@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: 310-229-1000
Facsimile: 310-229-1001

ROBERT G. LIAN, JR. (*pro hac vice*)
blian@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
Telephone: 202-887-4000
Facsimile: 202-887-4288

Attorneys for DEFENDANT ALLSTATE
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN COMPARETTO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendant. | Case No. CV 11-09206 JAK (FFMx) <br><br> [Assigned to the Honorable John A. Kronstadt] <br><br> **[DISCOVERY MATTER]** <br><br> **[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL** <br><br> NOTE CHANGES MADE BY COURT |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1.     Any and all documents comprising, generated from, or referencing processes, operations, business methods, or any other business or personal information that is proprietary and/or confidential (including financial information or trade secrets) of any of the Plaintiffs or of Defendant Allstate Insurance Company ("Defendant") or its employees, agents, or customers that are produced as part of the discovery process in this action may be identified by the producing party as "Confidential" subject to the provisions of this stipulation and order.

2.     Confidential documents shall be so designated by stamping copies of the documents with the legend "CONFIDENTIAL."  All pages shall be so labeled.  If a producing party, through inadvertence, fails to designate discovery material as Confidential, but thereafter determines that such discovery material should have been so designated, he/she/it shall promptly provide written notice of the Confidential designation along with a duplicate copy of the discovery material with the Confidential marking, and to the extent practicable the discovery material will be treated as CONFIDENTIAL MATERIAL from the date of receipt of such notice.  Likewise, if a producing party designates discovery material Confidential and later determines that such discovery material should not have been so designated, it shall promptly provide written notice of the removal of the designation along with a duplicate copy of the discovery material without the Confidential marking.  If any party wishes to designate documents produced by a third party as Confidential, it shall do so within fourteen (14) days of receipt of such documents and notify counsel for the opposing party of such designation by producing a copy bearing the label Confidential.

3.     **Deposition t**estimony ~~taken at a deposition, conference, hearing or trial~~ may be designated as confidential by making a statement to that effect on the record at the deposition ~~or other proceeding~~.  (**FFM**)  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the

transcript containing information designated as confidential, and to label such portions appropriately.

      4.    Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "CONFIDENTIAL MATERIAL") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

      5.    CONFIDENTIAL MATERIAL produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including paralegal, clerical, and secretarial staff employed by such counsel), to a party, and to the "qualified persons" designated below:

      (a)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

      (b)    court reporter(s) or videographer(s) employed in this action;

      (c)    a witness at any deposition or other proceeding in this action;

      (d)    any other person to whom the parties agree in writing;

      (e)    any person, who a document, on its face, indicates has previously seen, or has been sent the designated information, such as authors, drafters, recipients and copyholders of the document or information; and

      (f)    witnesses or prospective witnesses to the extent deemed necessary by counsel to prepare for or give testimony regarding facts at issue in this litigation, or to assist counsel in performing work in this litigation, but as to this category, counsel must retain physical custody of the "CONFIDENTIAL" document or other tangible thing unless consent to release is given by the party that designated it as "CONFIDENTIAL."

2

Prior to receiving any CONFIDENTIAL MATERIAL, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A.  The original of each such nondisclosure agreement shall be maintained by counsel for the party that seeks to disclose "CONFIDENTIAL" discovery materials.  In the event that evidence of a breach of this protective order is presented, counsel for the designating party may request that copies of the signed nondisclosure agreements be provided, and counsel for the parties agree to meet and confer in good faith regarding the request and the production of the copies.  If the parties are not able to agree on whether such copies should be provided, the designating party may bring a motion with the court requesting an order that such copies be produced.  **Any such motion must comply with Local Rule 37.  (FFM)**

6.    Depositions at which CONFIDENTIAL MATERIAL is used or discussed shall be taken only in the presence of parties, counsel for the parties, or other qualified persons.

7.    Nothing contained herein shall prevent any party from using or disclosing its own Confidential documents or information, or documents or information obtained through proper formal or informal third-party discovery, without having to comply with the terms of this stipulation and order.

8.    In the event that any party seeks to file with the Court any CONFIDENTIAL MATERIAL, that party will **seek an order permitting** ~~file~~ the documents **to be filed** under seal pursuant to Central District Local Rule 79-5.1, unless the parties agree in advance that sealing is not necessary.  **(FFM)**

It shall be the burden of the party who designated the at-issue document(s) as "CONFIDENTIAL" to provide the explanations of good cause in order to protect the documents from disclosure and maintain their under-seal status.

If the Court refuses to uphold the confidentiality requested or accept the document as filed under seal, the document may be filed in the public record.

Notwithstanding the provisions of this Paragraph 7, the party who has designated a document as "CONFIDENTIAL" may elect, at its discretion, to file that document, or any CONFIDENTIAL MATERIAL derived from that document, not under seal.

9.     In the event that any CONFIDENTIAL MATERIAL is used in any court proceeding in this action, ~~whether filed under seal or not, it shall not lose its confidential status through such use, and~~ the party using the CONFIDENTIAL MATERIAL shall take all reasonable steps to maintain its confidentiality during such use.  **(FFM)**

The parties agree to designate information as "CONFIDENTIAL" on a good faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.  If the party being given the documents or materials designated as "CONFIDENTIAL" objects to said designation, then the parties will meet and confer with respect to the designation within thirty (30) days of receipt of such objection by the designating party.  Thereafter, if the parties are unable to reach an agreement, the party designating the document as "CONFIDENTIAL" will file within twenty-one (21) days of meeting and conferring a motion with the Court requesting that an Order issue identifying the at-issue material as "CONFIDENTIAL."  Such motion shall comply with all applicable Local Rules**, including Local Rule 37**.  **(FFM)**  If such a motion is not filed within the time period set forth above, the "CONFIDENTIAL" designation will be deemed withdrawn for purposes of this case.  During the pendency of a timely Motion for Protective Order and the meet and confer process, the "CONFIDENTIAL" designation shall remain in effect.

10.     This Order shall be without prejudice to the right of either party to bring before the Court at any time (and regardless of whether a motion was filed pursuant to Paragraph 8) the question of whether any particular document or information is confidential or whether its use should be restricted.  **Any such motion must comply with Local Rule 37.**  **(FFM)**  This Order shall not be deemed to prejudice the parties in

any way in any future application for modification of this Order, or to seek greater or lesser protection than that provided herein.

11.     This Order is entered solely for purposes of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidential or non-confidential status of any such document or information or altering any existing obligation of any party or the absence thereof. Nothing in this Order will be deemed an agreement by either party to produce certain types of documents and/or information, or prejudice any party's rights to object to the production or disclosure of documents or other information that it considers not subject to discovery.

12.     In the event the Court does not execute this Order, the parties agree to meet and confer in good faith to revise the stipulation to conform to the Court's specifications, if any, and submit a revised Order within fifteen (15) days of the Court's denial of entry of the Order.  In the interim, the parties agree that this Stipulation will be binding as a contract between the parties and their respective counsel.

**12A.   Nothing herein shall be construed as relieving anyone subject to this order from any obligation imposed by a duly issued subpoena or other process issued by a court or administrative agency, absent an order qualifying or modifying such subpoena or process obtained from the issuing court or agency. (FFM)**

13.     This Order shall survive the termination of this action, to the extent that the information contained in CONFIDENTIAL MATERIAL is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, including resolution or expiration of any appeals, counsel for the party receiving

5

CONFIDENTIAL MATERIAL shall assemble and return to counsel for the party designating that CONFIDENTIAL MATERIAL all documents and portions of deposition transcripts designated as confidential and all copies of same.

**ORDERED AND APPROVED**

Dated:  May 3, 2012          By:    /S/ FREDERICK F. MUMM
                                    The Honorable Frederick F. Mumm
                                    United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL
102955627 v3

ATTACHMENT A

ACKNOWLEDGEMENT CONCERNING INFORMATION COVERED
BY A PROTECTIVE ORDER ENTERED IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order Regarding Confidential Discovery Material ("Stipulation" or "Stipulated Protective Order") governing *Comparetto, et al. v. Allstate Insurance Company*, 2:11-cv-09206 JAK (FFMx), and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Material made available to it/him/her other than in accordance with the terms and conditions of this Stipulated Protective Order.


Dated: _____ , 201__


By: _____ Printed Name: _____

---

[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL
102955627 v3