MARK BUTLER & ASSOCIATES
Mark J. Butler, Bar No. 207909
mark.butler@mbutler-law.com
1103 Quail Street
Newport Beach, California 92660
Telephone: (949) 756-8970
Facsimile: (949) 743-2938

LAW OFFICES OF MICHAEL J. BULEY
Michael J. Buley, Bar No. 164249
mjbuley@buleylaw.com
1103 Quail Street
Newport Beach, California 92660
Telephone:  (949) 752-1161
Facsimile:  (949) 752-1195

Attorneys for Plaintiffs and
the Plaintiffs' Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN COMPARETTO, et al., | ) Case No.: LA CV 11-9206 JAK (FFMx) |
| Plaintiffs, | ) **PLAINTIFFS' *EX PARTE*** |
| vs. | ) **APPLICATION FOR A COURT ORDER** ) **DISMISSING INDIVIDUAL CLAIMS OF** ) **JUAN COMPARETTO AND TO** |
| ALLSTATE INSURANCE COMPANY, et al., | ) **WITHDRAW HIM AS A POTENTIAL** ) **CLASS-REPRESENTATIVE** |
| Defendants. | ) |
| | ) <u>No Hearing</u> |
| | ) Judge:      Hon. John A. Kronstadt |

# ***EX PARTE* APPLICATION**

Pursuant to Local Rule 7-19, Plaintiffs apply *ex parte* for a Court order dismissing all of the individual claims of plaintiff Juan Comparetto against defendant Allstate Insurance Company ("Allstate"), and to withdraw Mr. Comparetto from consideration as a class-representative in this action.

The grounds for this Application are as follows: Mr. Comparetto has decided to dismiss his individual claims against Allstate, as well as to withdraw himself from consideration as a potential class-representative, and except for counsel for Plaintiffs representing him on issues related to the dismissal of his individual claims against Allstate, Mr. Comparetto terminated his engagement with counsel for Plaintiffs on October 18, 2013.

Pursuant to FRCP 41(a)(2), after the defendant has filed an answer in this action, which Allstate has in this case, either a stipulation of the parties or a court order is required to effectuate the dismissal of a party's claims. As of the filing of this *Ex Parte* Application, Allstate has not agreed to stipulate to the dismissal of Mr. Comparetto's individual claims against Allstate, which counsel for Plaintiffs requested of counsel for Allstate on October 21, 2013, but have yet to get an answer to that request one way or the other. Moreover, in that same telephone conference on October 21, counsel for Plaintiffs informed counsel for Allstate that if Allstate did not stipulate to Mr. Comparetto dismissing his claims, then Plaintiffs would file an *ex parte* application to request that the Court order the dismissal of Mr. Comparetto's individual claims against Allstate and to remove Mr. Comparetto as a potential class-representative.

This *Ex Parte* Application is based on this Application, the accompanying

Memorandum of Points and Authorities, the Declaration of Mark J. Butler, other papers and pleadings on file, and any such other and further matters as the Court may consider.

Notice of this *Ex Parte* Application has been provided to the parties pursuant to Local Rule 7-19.1.  Pursuant to Local Rule 7-19, Plaintiffs hereby provide the name, address, telephone number and e-mail address of counsel for the opposing party:

Gary M. McLaughlin

Akin Gump Strauss Hauer & Feld, LLP

2029 Century Park East, Suite 2400

Los Angeles, CA 90067

Tel: (310) 229-1000

gmclaughlin@akingump.com

Robert . Lian, Jr.

Akin Gump Strauss Hauer & Feld, LLP

1333 New Hampshire Ave., N.W.

Washington, D.C, 20036-1564

Tel: (202) 8878-4000

blain@akingump.com

Dated: October 24, 2013

MARK BUTLER & ASSOCIATES

By: _____

Mark J. Butler
Attorney for Plaintiffs
and the Proposed Class

EX PARTE APPLICATION TO DISMISS INDIVIDUAL CLAIMS OF PLAINTIFF JUAN COMPARETTO

## I.   INTRODUCTION

Plaintiffs seek court approval of Juan Comparetto's dismissal of his individual claims against defendant Allstate Insurance Company ("Allstate") and as such, the withdrawal of Mr. Comparetto from consideration as a class-representative.  Mr. Comparetto decided to dismiss his individual claims on October 18, 2013, which was the day after the deadline for Nick Christensen (pursuant to an expedited, short notice subpoena served by Allstate) to produce multiple categories of documents related to certain real estate once owned by Mr. Comparetto[1] and the Friday before Mr. Christensen's deposition set for Monday, October 21.

Allstate's continued its dogged pursuit of documents (and presumably testimony at the depositions of Mr. Christensen and Mr. Comparetto) regarding certain transactions related to real estate once owned by Mr. Comparetto, was a violation of the Court's instructions to the parties at the September 23 status conference, in which the Court repeatedly emphasized that the real estate transaction(s) were not relevant to the Class-Certification Motion, and not to be the subject of the expedited discovery for the supplemental briefing.

On October 18, 2014, counsel for Plaintiffs promptly notified counsel for Allstate in a telephone call that Mr. Comparetto was dismissing his individual claims against Allstate and withdrawing him as a potential class-representatives and that, but for issues related to the dismissal of Mr. Comparetto's claims in this action, Mr. Comparetto had terminated his engagement of counsel for Plaintiffs.  Butler Decl. ¶¶ 6-8.  In that call, Mr. McLaughlin mentioned that he believed Court approval was required for Mr. Comparetto to dismiss his claims, and it was agreed that the parties would have a conference call at 11:00 a.m., Monday,

---

[1] On October 17, Mr. Christensen served timely objections to the categories of document demands involving real estate once owned by Comparetto.

EX PARTE APPLICATION TO DISMISS INDIVIDUAL CLAIMS OF PLAINTIFF JUAN COMPARETTO

October 21, to discuss Mr. Comparetto's dismissal and its possible effect on the upcoming supplemental briefing for the Class-Certification Motion, and whether or not Court approval was required for Mr. Comparetto to dismiss his claims.  At 11:00 a.m., October 21, counsel conducted that telephone conference.  In that conference call, counsel for Plaintiffs informed counsel for Allstate that if a stipulation was not reached, Plaintiffs would file an *ex parte* application to dismiss Mr. Comparetto's claims against Allstate and withdraw him as a potential class-representative.  Plaintiffs' counsel requested that Allstate stipulate to Mr. Comparetto dismissing his individual claims and withdrawing as a potential class-representative, in exchange for Mr. Comparetto waiving any right to be a class-member or receive any eventual award as a class member.  Counsel for Allstate said they would have to speak with their client and would send Plaintiffs a proposed stipulation the following day.  Over the following two days, counsel for Plaintiffs sent daily update requests to counsel for Allstate regarding the status of the promised proposed stipulation, and were told that it was forthcoming, but it has not been received.  Butler Decl. ¶9.  With Allstate's supplemental brief on the Class-Certification due shortly, Plaintiffs cannot wait any longer for Allstate's decision on the request for a stipulation, so this *Ex Parte* Application is being filed.

## II.    RELEVANT FACTS

On September 16, 2013, Allstate filed an *ex parte* application seeking to continue the hearing on Plaintiffs' Class-Certification Motion for 60-90 days to conduct discovery on three issues: (1) the purchase of Mr. Comparetto's book of business by Nick Christensen; (2) certain real estate sales transactions allegedly involving Mr. Comparetto and Mr. Christensen and various family members of Mr. Comparetto; and (3) any involvement in Mr. Comparetto's

EX PARTE APPLICATION TO DISMISS INDIVIDUAL CLAIMS OF PLAINTIFF JUAN COMPARETTO

sale of his book of business and/or real estate by co-counsel for Plaintiffs, Mark Butler.

The Court granted, in part, Allstate's *ex parte*, and continued the hearing on the Class-Certification Motion until November 18, 2013, and set a supplemental briefing schedule.  In ruling on Allstate's *ex parte*, the Court held that (a) the terms of the purchase of Mr. Comparetto's book of business by Mr. Christensen, and (b) the possibility of Mr. Butler being a witness as the drafter of the purchase and sale documents on that sale were relevant to the Class-Certification Motion in as much as they might go to whether Mr. Comparetto is a proper class-representative, and whether Mr. Butler (as a potential percipient witness to the purchase of Mr. Comparetto's book of business by Mr. Christensen) is a proper class-counsel.

On September 23, 2013, the Court held a status conference in this matter, and ordered the parties to conduct expedited discovery (including depositions of Mr. Comparetto and Mr. Christensen) on the two issues which the Court held were relevant to the Class-Certification Motion: (a) the purchase of Mr. Comparetto's book of business by Mr. Christensen; and (b) whether co-counsel for Plaintiffs, Mark Butler, was a witness to that purchase transaction.  At the status conference, pursuant to the specific inquiry by the Court, Mr. Butler stated that he was not involved in the negotiation of the sale of Mr. Comparetto's book of business to Mr. Christensen, and that he had not drafted any of the related purchase and sale documents.  The Court asked if Mr. Butler would provide a declaration to that effect, and Mr. Butler agreed (and after the hearing Mr. Butler in fact provided that declaration to counsel for Allstate).  Butler Decl. ¶2 and Exh. A thereto.

At the conclusion of the status conference, the Court emphasized that the real estate transactions were <u>not</u> to be the subject of the expedited discovery, but that if Allstate

1   determined that issues related to the real estate transactions were relevant, Allstate could

2   address that in its supplemental brief.

3          As part of the expedited discovery process, counsel for Plaintiffs (who had and were

4   representing Mr. Christensen for purposes of his depositions and involvement in this case)

5   agreed to accept service of a subpoena for Mr. Christensen.  Allstate issued that subpoena,

6

7   which included 7 categories of documents Mr. Christensen was required to produce, 5 of

8   which involve real property transactions, which were not to be the subject of the expedited

9   discovery.  On October 17, 2013, counsel for Plaintiffs timely served objections on behalf of

10

11   Mr. Christensen to the real property related document demands.

12          On the morning of October 18, 2013, counsel for Plaintiffs met with Mr. Christensen.

13   Following that meeting, Mr. Christensen, terminated his relationship with counsel for

14

15   Plaintiffs.  In the early afternoon on October 18, 2103, counsel for Plaintiffs met with Mr.

16   Comparetto (separate from Mr. Christensen), and Mr. Comparetto terminated his relationship

17   with counsel for Plaintiffs, except for issues related to the dismissal of Mr. Comparetto's

18

19   claims against Allstate.  Butler Decl. ¶¶ 6-8.  Counsel for Plaintiffs promptly called Gary

20   McLaughlin (Los Angeles based) counsel for Allstate and informed him that the depositions of

21

22   Mr. Christensen (set for Monday, October 21) and Mr. Comparetto (set for Tuesday, October

23   22) would not go forward as they had each terminated their respective engagements with

24   counsel for Plaintiffs and that Mr. Christensen and Mr. Comparetto would be seeking new

25

26   counsel to represent them in the event that Allstate might decide to eventually go forward with

27   their respective depositions at a later date.  Butler Decl. ¶¶ 6-8.  On a subsequent call that same

28   day which included Bob Lian, counsel for all parties agreed to hold a telephone conference the

EX PARTE APPLICATION TO DISMISS INDIVIDUAL CLAIMS OF PLAINTIFF JUAN COMPARETTO

following Monday, October 21 at 11:00 a.m. to discuss the matter further. Butler Decl. ¶¶ 6-8

At 11:00 a.m., October 21, counsel conducted that telephone conference. In that conference call, counsel for Plaintiffs informed counsel for Allstate that if a stipulation was not reached, Plaintiffs would file an *ex parte* application to dismiss Mr. Comparetto's claims against Allstate and withdraw him as a potential class-representative. Plaintiffs' counsel requested that Allstate stipulate to Mr. Comparetto dismissing his individual claims, withdrawing him as a potential class-representative. In exchange for the stipulation, Mr. Comparetto would also waive any right to be a class-member or receive any eventual award as a class member. Counsel for Allstate said they would have to speak with their client and would send Plaintiffs a proposed stipulation the following day. Over the next two days, counsel for Plaintiffs sent update requests to counsel for Allstate regarding the status of the promised proposed stipulation, and were told that it was forthcoming, but it has never been recieved. Butler Decl. ¶9. With Allstate's supplemental brief on the Class-Certification due shortly, Plaintiffs cannot wait any longer for Allstate's decision on the request for a stipulation, so this *Ex Parte* Application is being filed.

## III.   ARGUMENT

### A.   Relevant Legal Authority On Dismissal Of Claims

After service of an answer or summary judgment motion (and if no stipulation of dismissal is obtained), plaintiff must obtain court approval to dismiss "on terms that the court considers proper." FRCP 41(a)(2). Whether to allow dismissal rests in the court's sound discretion. *Hamilton v. Firestone Tire & Rubber Co., Inc.* (9th Cir. 1982) 679 F2d 143, 145. Courts generally allow dismissal, even dismissal without prejudice, unless defendant will

suffer "some plain legal prejudice" as a result of the dismissal. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F2d at 145. In deciding whether to allow dismissal without prejudice, the following factors are generally considered: (a) Defendant's efforts and expense incurred in preparing for trial; (b) Plaintiff's diligence in prosecuting the action; (c) Plaintiff's explanation of the need to dismiss; and (d) whether summary judgment motions have been filed, or trial is imminent the immediacy of trial.

**B.     Mr. Comparetto's Claims Should Be Dismissed**

In this case, the Court should order all of Mr. Comparetto's individual claims against Allstate dismissed, and that he be withdrawn from the case as a potential class-representative. There is no motion for summary judgment pending, there is no trial date, and there is no prejudice to Allstate in having Mr. Comparetto's individual claims dismissed.

Moreover, Mr. Comparetto is agreeable to a dismissal with prejudice on the condition that he is not liable for any of Allstate's attorneys' fees incurred in this case, and that any award of costs that Allstate might seek be subject to a regularly noticed motion for which current counsel for Plaintiffs may specially represent Mr. Comparetto.

**C.     Supplemental Briefing On Class-Certification Motion**

While Plaintiffs are not requesting any particular action by the Court regarding the supplemental briefing on the Class-Certification Motion, they respectfully request clarification from the Court on the Court's view of the impact of the dismissal of Mr. Comparetto's claims and his withdrawal from consideration as a potential class-representative on the scope and/or necessity of the supplemental briefing.

EX PARTE APPLICATION TO DISMISS INDIVIDUAL CLAIMS OF PLAINTIFF JUAN COMPARETTO

## IV. CONCLUSION

For the reasons set forth above, this *Ex Parte* Application should be granted.

Dated: October 24, 2013

MARK BUTLER & ASSOCIATES

By: _____

Mark J. Butler
Attorney for Plaintiffs
and the Proposed Class

EX PARTE APPLICATION TO DISMISS INDIVIDUAL CLAIMS OF PLAINTIFF JUAN COMPARETTO

# DECLARATION OF MARK J. BUTLER

I, Mark J. Butler, declare:

1.      I am an attorney licensed to practice law in the State of California and before this Court, and an attorney of record for Plaintiffs in this action.  I have personal knowledge of the facts stated herein, and if called and sworn as a witness, I would and could testify competently under other thereto.  I submit this declaration in support of Plaintiffs' *Ex Parte* Application for a Court Order Dismissing Individual Claims of Juan Comparetto and to Withdraw Him as a Potential Class-Representative.

2.      On September 16, 2013, Allstate filed an *ex parte* application seeking to continue the hearing on Plaintiffs' Class-Certification Motion for 60-90 days to conduct discovery on three issues: (1) the purchase of Mr. Comparetto's book of business by Nick Christensen; (2) certain real estate sales transactions allegedly involving Mr. Comparetto and Mr. Christensen and various family members of Mr. Comparetto; and (3) any involvement in Mr. Comparetto's sale of his book of business and/or real estate by co-counsel for Plaintiffs, Mark Butler.  The Court granted, in part, Allstate's *ex parte*, and continued the hearing on the Class-Certification Motion until November 18, 2013, and set a supplemental briefing schedule. In ruling on Allstate's *ex parte*, the Court held that the terms of the purchase of Mr. Comparetto's book of business by Mr. Christensen and the possibility of me being a witness to the purchase and sale of Mr. Comparetto's book of business to Mr. Christensen were relevant to the Class-Certification Motion in as much as they might go to whether Mr. Comparetto is a proper class-representative, and whether I (as a potential percipient witness to the purchase of Mr. Comparetto's book of business by Mr. Christensen) am a proper class-counsel.

3.      On September 23, 2013, the Court held a status conference in this matter, during

11

EX PARTE APPLICATION TO DISMISS INDIVIDUAL CLAIMS OF PLAINTIFF JUAN COMPARETTO

which the Court ordered the parties to conduct expedited discovery (including depositions of Mr. Comparetto and Mr. Christensen) on the two issues that the Court held were relevant to the Class-Certification motion: (a) the purchase of Mr. Comparetto's book of business by Mr. Christensen; and (b) whether I am a witness to that purchase transaction.  At the status conference, pursuant to the specific inquiry by the Court, I stated that I was not involved in the negotiation of the sale of Mr. Comparetto's book of business to Mr. Christensen, and that I had not drafted any of the related purchase and sale documents.   The Court asked me if I was willing to provide a declaration to those facts, and I agreed to do so, and have already done so.  A true and correct copy of the Supplemental Declaration of Mark J. Butler is attached hereto as Exhibit A, including the cover email thereto.

4.      At the conclusion of the status conference, the Court emphasized that the real estate transactions were <u>not</u> to be the subject of the expedited discovery, but that if Allstate determined that issues related to the real estate transactions were relevant, it should address that in its supplemental brief.

5.      As part of the expedited discovery process, I, as counsel representing Mr. Christensen for purposes of his depositions and involvement in this case, agreed to accept service of a subpoena for Mr. Christensen.  Allstate issued that subpoena, which included 7 categories of documents Mr. Christensen was required to produce, 5 of which involve real property transactions, which were not to be the subject of the expedited discovery.  On October 17, 2013, I timely served Allstate with written objections on behalf of Mr. Christensen to the real property related document demands.  A true and correct copy of the Subpoena to Nick Christensen is attached hereto as Exhibit B.

EX PARTE APPLICATION TO DISMISS INDIVIDUAL CLAIMS OF PLAINTIFF JUAN COMPARETTO

6.      On the morning of October 18, 2013, Mr. Buley and I met with Mr. Christensen. Following that meeting, Mr. Christensen, terminated our firms.

7.      In the early afternoon on October 18, 2103, Mr. Buley and I also met with Mr. Comparetto (separate and apart from our meeting with Mr. Christensen), and Mr. Comparetto terminated our respective firms, except for issues related to the dismissal of Mr. Comparetto's claims against Allstate.

8.      Mr. Buley and I then promptly called Gary McLaughlin, counsel for Allstate, and informed him that the depositions of Mr. Christensen (set for Monday, October 21) and Mr. Comparetto (set for Tuesday, October 22) would not go forward as they had each terminated their respective engagements with our respective firms (other than for issues related to the dismissal of Mr. Comparetto's claims) and that Mr. Christensen and Mr. Comparetto would be seeking new counsel to represent them in the event that Allstate might later decide to go forward with their respective depositions.

9.      At 11:00 a.m., October 21, Mr. Buley, Mr. McLaughlin, Mr. Lian (Washington, D.C. based counsel for Allstate) and I conducted that telephone conference.  In that conference call, we informed Mr. Lian and Mr. McLaughlin that we would like to reach a stipulation to dismiss Juan Comparetto's claims against Allstate, but that if we could not reach a stipulation, Plaintiffs would file an *ex parte* application to dismiss Mr. Comparetto's claims against Allstate and withdraw him as a potential class-representative.  In exchange for Allstate's stipulation to allow Mr. Comparetto to dismiss his claims against Allstate and withdraw him as a potential class-representative, Mr. Comparetto would also waive any right to be a class-member or to receive any eventual award as a class member.  Counsel for Allstate said they

EX PARTE APPLICATION TO DISMISS INDIVIDUAL CLAIMS OF PLAINTIFF JUAN COMPARETTO

would have to speak with their client and would send us a proposed stipulation the following day. Over the next two days, I sent emails requesting updates to counsel for Allstate regarding the status of the promised proposed stipulation. On both occasions, Mr. Mclaughlin replied and indicated defense counsel was still working with their client. In any event, I have not received any proposed stipulation as of the time this *ex parte* application is being filed.

10.    Attached hereto as Exhibit C is a true and correct copy of the letter emailed in pdf format to Mr. McLaughlin and Mr. Lian (counsel for Allstate) regarding the *ex parte* application.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 24 day of October 2013, in Newport Beach, California.

Mark J. Butler

EX PARTE APPLICATION TO DISMISS INDIVIDUAL CLAIMS OF PLAINTIFF JUAN COMPARETTO

<u>Print</u>  |  <u>Close Window</u>

**Subject:** RE: Subpoenas
**From:** mark.butler@mbutler-law.com
**Date:** Wed, Sep 25, 2013 1:03 pm
**To:** "McLaughlin, Gary" <gmclaughlin@AkinGump.com>, "Mike Buley" <mjbuley@buleylaw.com>
**Cc:** Lian, Bob" <blian@AKINGUMP.COM>
**Attach:** Comparetto v Allstate Redline of Records Release Authorization.docx
Comparetto v Allstate Redline of Financial Institution subpoena Exhibit A.docx
Comparetto v Allstate Certification Motion Supp Decl. 2 Butler.pdf

Gary and Bob,

I must say that I was very disappointed when I reviewed the draft of the Attachment A Instructions and Requested Documents to Vericrest/Caliber, as the breadth and scope of the Instructions and the Requests are far beyond what we agreed to help expedite and what Judge Krondstadt told all of us was relevant to the certification motion, and thus our only focus at this juncture in the case.

That being said, we wish to cooperate in expediting the relevant discovery. Attached are Plaintiffs' Red-line versions of the Attachment A and the Records Release Authorization form.

As you will note, the Records Release Authorization form provides that the subpoenas be issued by (and the documents produced to/received by) a third-party subpoena company, and not Allstate or Akin Gump. In addition, it must have the Protective Order attached, and the producing party must stamp the documents pursuant to the protective order already in place to designate them as confidential.

As for the Attachment A, it was far too broad and clearly designed to induce production by the financial institution of documents which we believe are irrelevant and manifestly designed to burden and harass Mr. Comparetto and his family, and for which we will be filing a motion for protective order to stop said harassment. We told the Court we would put that on hold to focus on helping expedite the relevant discovery for the supplemental briefing on Plaintiffs' certification motion. We raised that with Judge Krondstadt on Monday and said that if Allstate/Akin Gump tailored the subpoenas appropriately, then not only would we not object, but we would do what we can to expedite the production (by for example having Mr. and Mrs. Comparetto execute an agreed to Records Release Authorization form). What Gary sent me yesterday late afternoon does not come close to being properly tailored subpoenas.

With the PPC Loan Attachment A, other than the subpoena needing to be issued by and the documents produced to a third-party subpoena company, we do not have any problem with the proposed PPC Loan Attachment.

We feel very comfortable with our position on this, particularly after raising the
issue with the Court.  We want to cooperate with expediting the relevant discovery,
but its a two way street and what Gary sent over re the Financial Institution subpoena
was almost as if he ignored what the Court stated and our discussion in the hallway
after the hearing.

Finally, as I represented to the Court, please find attached my declaration.

Mark J. Butler, Esq.
1103 Quail Street
Newport Beach, CA 92660
Tel:  (949) 500-6277
Fax: (949) 743-2938
mark.butler@mbutler-law.com


-------- Original Message --------
Subject: RE: Subpoenas
From: "McLaughlin, Gary" <gmclaughlin@AkinGump.com>
Date: Tue, September 24, 2013 4:00 pm
To: "'mark.butler@mbutler-law.com'" <mark.butler@mbutler-law.com>, Mike
Buley <mjbuley@buleylaw.com>
Cc: "Lian, Bob" <blian@AKINGUMP.COM>


Mark,

Attached is a draft of the document request for the Vericrest (now Caliber Home Loans)
subpoena, along with the draft records release authorization.  The document requests
for the other two mortgage companies will be the same, except that for Aurora we will
not be asking for Request # 6.

Also attached is a draft of the document request for PPC Loan.

Thanks,

Gary


**From:** mark.butler@mbutler-law.com [mailto:mark.butler@mbutler-law.com]
**Sent:** Tuesday, September 24, 2013 3:16 PM
**To:** McLaughlin, Gary; Mike Buley
**Cc:** Lian, Bob
**Subject:** Re: Subpoenas

Gary,
I have not gotten the new draft subpoenas and authorizations re financial records yet. Can you give me an update as I had cleared my morning to get fast turn around based on your email but have not gotten anything yet.
Mark Butler
Sent from my BlackBerry® by Boost Mobile

**From:** "McLaughlin, Gary" <gmclaughlin@AkinGump.com>
**Date:** Tue, 24 Sep 2013 00:51:39 +0000
**To:** 'mark.butler@mbutler-law.com'<mark.butler@mbutler-law.com>; mjbuley@buleylaw.com<mjbuley@buleylaw.com>
**Cc:** Lian, Bob<blian@AKINGUMP.COM>
**Subject:** Subpoenas

Mark and Mike, we need a little more time to prepare the revised subpoenas to the mortgage companies as we discussed, but anticipate sending you those documents in the morning.  Thanks.

**Gary M. McLaughlin**

**AKIN GUMP STRAUSS HAUER & FELD** LLP

2029 Century Park East | Suite 2400 | Los Angeles, CA 90067-3010 | USA | Direct: +1 310.728.3358 | Internal: 43358

Fax: +1 310.229.1001 | Mobile: +1 310.927.6026 | gmclaughlin@akingump.com | akingump.com | Bio

IRS Circular 230 Notice Requirement: This communication is not given in the form
of a covered opinion, within the meaning of Circular 230 issued by the United
States Secretary of the Treasury. Thus, we are required to inform you that you
cannot rely upon any tax advice contained in this communication for the purpose
of avoiding United States federal tax penalties. In addition, any tax advice
contained in this communication may not be used to promote, market or recommend
a transaction to another party.

The information contained in this e-mail message is intended only for the
personal and confidential use of the recipient(s) named above. If you have
received this communication in error, please notify us immediately by e-mail,
and delete the original message.

IRS Circular 230 Notice Requirement: This communication is not given in the form
of a covered opinion, within the meaning of Circular 230 issued by the United
States Secretary of the Treasury. Thus, we are required to inform you that you
cannot rely upon any tax advice contained in this communication for the purpose
of avoiding United States federal tax penalties. In addition, any tax advice
contained in this communication may not be used to promote, market or recommend
a transaction to another party.

The information contained in this e-mail message is intended only for the
personal and confidential use of the recipient(s) named above. If you have
received this communication in error, please notify us immediately by e-mail,
and delete the original message.

Copyright © 2003-2013. All rights reserved.

MARK BUTLER & ASSOCIATES
Mark J. Butler, Bar No. 207909
mark.butler@mbutler-law.com
1103 Quail Street
Newport Beach, California 92660
Telephone: (949) 756-8970
Facsimile: (949) 743-2938

LAW OFFICES OF MICHAEL J. BULEY
Michael J. Buley, Bar No. 164249
mjbuley@buleylaw.com
1103 Quail Street
Newport Beach, California 92660
Telephone: (949) 752-1161
Facsimile: (949) 752-1195

Attorneys for Plaintiffs and
the Plaintiffs' Class

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN COMPARETTO, et al., | Case No.: LA CV 11-9206 JAK (FFMx) |
| Plaintiffs, | **SUPPLEMENTAL DECLARATION (2) OF MARK J. BUTLER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS-CERTIFICATION** |
| vs. | |
| ALLSTATE INSURANCE COMPANY, et al., | [SUBMITTED AT REQUEST OF COURT] |
| Defendants. | Date:       Nov. 18, 2013<br>Time:       8:30 a.m.<br>Location:   RM 750<br>Judge:      Hon. John A. Kronstadt |

I, Mark J. Butler, certify and declare as follows:

1.    I am an attorney licensed to practice law in the State of California and before this Court, and an attorney of record for Plaintiffs in this action.  I have personal knowledge of the facts stated herein, and if called and sworn as a witness, I would and could testify competently under other thereto.  I submit this declaration in support of Plaintiffs' motion for class-certification.

2.    I had nothing to do with the negotiations between Mr. Comparetto and Nick Christensen over Mr. Chistensen's purchase of Mr. Comparetto's "book of business"/Allstate agency which is the subject of this action, and I did not draft any of the sale agreements or draft sale agreements for the sale of Mr. Comparetto's "book of business"/Allstate agency to Mr. Christensen.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on this 25th day of September 2013, in Newport Beach, California.

Mark J. Butler

2
SUPPLEMENTAL DECLARATION (2) OF MARK J. BUTLER IN SUPPORT OF CLASS-CERTIFICATION MOTOIN

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Juan Comparetto, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Allstate Insurance Company | ) |
| *Defendant* | ) |

Civil Action No.    CV 11-09206 JAK (FFMx)

(If the action is pending in another district, state where:
                                    )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Nicholas Christensen, 1450 W 6th St #107  Corona, CA 92882

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A.

| Place: AKIN GUMP STRAUSS HAUER & FELD LLP  2029 Century Park East/Attn: Gary M. McLaughlin, Esq.  Los Angeles, California 90067 | Date and Time:  10/17/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    10/10/2013

CLERK OF COURT

_____            OR    _____
Signature of Clerk or Deputy Clerk                                  Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Defendant,
ALLSTATE INSURANCE COMPANY _____ , who issues or requests this subpoena, are:

Gary M. McLaughlin, Esq.
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400, Los Angeles, CA 90067 / Tel No.: (310) 728-3358

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CV 11-09206 JAK (FFMx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

## DEFINITIONS

1.        The term "you" or "your" as used herein means Nick Christensen, PC Insurance Services, LLC, and/or any insurance agency operated or owned by Nick Christensen.

2.        The term "Juan Comparetto" as used herein means Juan Comparetto and/or any insurance agency operated or owned by Juan Comparetto.

## DOCUMENTS REQUESTED

1.        All documents referring to or reflecting a Prudential annuity (Contract Number: E1310931) that Juan Comparetto acquired in August 2011, including but not limited to all documents referring to or reflecting the financing or surrender of this annuity.

2.        All emails or other communications transmitting or discussing any agreement (whether in draft or final form, signed or unsigned) for your purchase of Juan Comparetto's economic interest in his Allstate book of business.

3.        All emails or other communications between you and Juan Comparetto concerning the mortgaging of property located at 1678 Laurel Canyon Circle, Corona, California.

4.        All emails or other communications between you and Juan Comparetto concerning the purchase of property located at 9314 Robinson Lane, Corona, California.

5.        All documents referring to or reflecting any money or funds that you or Larisa Christensen transferred, or caused to be transferred, to Juan Comparetto or Maia Comparetto between August 27, 2013 and September 6, 2013.

1

6.     All documents referring to or reflecting any money or funds that you paid, directly or indirectly, towards the purchase of property located at 9314 Robinson Lane, Corona, California.

7.     All documents referring to or reflecting any money or compensation you provided or paid, or debt you repaid, to Juan Comparetto since June 13, 2013.

# MARK BUTLER & ASSOCIATES

**ATTORNEYS AT LAW**

1103 QUAIL STREET
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE (949) 756-8970
FACSIMILE (949) 743-2938

mark.butler@mbutler-law.com

October 24, 2013

**VIA EMAIL PDF**
Gary McLaughlin, Esq.
Akin Gump Strauss Hauer & Feld, LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
gmclaughlin@AkinGump.com

Re:  *Comparetto v. Allstate Ins. Co. et al,* Case No. LA CV 11-9206 JAK (FFMx)
United States District Court for the Central District of California
***Ex Parte* Application For Order Dismissing Comparetto Claims**

Dear Counsel,

I am writing to give you further notice that Plaintiffs will file an *ex parte* application for a court order dismissing individual claims of Juan Comparetto and to withdraw him as a potential class-representative. As we discussed last Friday, October 18, and again this past Monday, October 21, Mr. Comparetto decided to dismiss his individual claims and withdraw as a class representative, and terminate our firms from representing him except for issues related to the dismissal of his claims. On Monday, we requested that Allstate stipulate to Mr. Comparetto dismissing his claims and informed you that if Allstate did not, we would file an *ex parte* application requesting a Court order dismissing his claims and withdrawing him as a proposed class-representative. You advised us on that Monday call that you were going to seek direction from your client and send us a draft stipulation the following day (i.e. Tuesday, October 22). Despite following up the past two days, you have not provided us with a proposed stipulation so we are filing our *Ex Parte* Application.

When the *Ex Parte* Application is electronically filed, you will both be electronically notified/served. According to Judge Kronstadt's standing order, Allstate will have 24 hours to file any opposition or response.

Very truly yours,

Mark J. Butler
Mark Butler & Associates

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 1103 Quail Street, Newport Beach, California 92660.  On October 24, 2013, I served the foregoing document(s) described as: **PLAINTIFFS' *EX PARTE* APPLICATION FOR A COURT ORDER DISMISSING INDIVIDUAL CLAIMS OF JUAN COMPARETTO AND TO WITHDRAW HIM AS A POTENTIAL CLASS-REPRESENTATIVE** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing<br>
generated by the Court's CM/ECF system under the<br>
referenced case caption and number**

    (x)  BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective address(es) of the party(ies) as stated above.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

    (x)  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on October 24, 2013 at Newport Beach, California.

Mark J. Butler

EX PARTE APPLICATION TO DISMISS INDIVIDUAL CLAIMS OF PLAINTIFF JUAN COMPARETTO